Butler, J.,
delivered the opinion of the Court.
According to the provisions of the Act under which .the defendant was indicted, it was necessary to allege in the indictment that he had harbored a seaman who had signed an agreement to proceed on a voyage; or one that had deserted from a captain of a vessel to which he belonged under an agreement. The agreement forms an essential part of the allegation, and is not an incidental or collateral matter that may be proved by secondary testimony, but must be sustained by legal and the highest competent evidence. I can see nothing in this case to exempt such an agreement from the operation of the ordinary rules of evidence applicable to all written instruments; to wit, to swear the subscribing witnesses, when there is one, or to offer evidence of *227 the band-writing of the party to the paper, when there is no subscribing witness. This was not done in this case; but the articles said to have been signed- by the deserted seamen, for the harboring of whom the defendant was indicted, were permitted to go to the jury on the oath of Lewis Trapman, who stated that they were the shipping articles of “Bremen barque Elizabeth, and that they were deposited as such with him in his official capacity of consul of Bremen.” This evidence was, no doubt, satisfactory to the jury for the purposes for which it was introduced ; and to require higher testimony might be attended with inconvenience. It is not the province of the Court to adopt or vary general rules from such a consideration. The abuse of a rule of law which has long existed, would lead to greater mischiefs than a remediable and temporary inconvenience. It is sufficient to say that the testimony was not competent.
This is the only ground on which I am instructed to deliver the judgment of the Court, and on this ground a new trial is ordered.